UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
SHI YONG LI, et al., *on behalf of* :
*themselves, FLSA Collective Plaintiffs and* :
*the Class*, : 12 Civ. 6401 (TPG)
:
Plaintiffs, : **OPINION**
:
– against – :
:
6688 CORP. d/b/a SAMMY'S NOODLE :
SHOP & GRILL and CINDY H,C, WU, :
:
Defendants. :
------------------------------------------------x

  Plaintiffs, Shi Yong Li, joined by Ying Qing Qiu, bring this action against defendants 6688 Corp. d/b/a Sammy's Noodle Shop & Grill ("6688 Corp.") and Cindy H.C. Wu, for violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et. seq.* and New York Labor Law ("NYLL"). Plaintiffs move to conditionally certify a collective action under 29 U.S.C. § 216(b). The proposed collective action would include all non-exempt persons employed by defendants in any tipped position on or after the date that is six years before the filing of the complaint in this case as defined herein ("FLSA Collective Plaintiffs.")

  For the following reasons, plaintiffs' motion is granted. The plaintiffs' proposed notice and opt-in forms are approved; however, they must be revised as discussed below. Plaintiffs' request that defendants

produce an Excel list of all tipped employees who were employed by defendants in the past six years is also granted.

## The Complaint

Plaintiffs allege that defendants willfully violated their rights by failing to pay them proper minimum wages for hours worked. Additionally, plaintiffs allege that defendants were not entitled to take any tip credits under the FLSA. Specifically, plaintiffs allege that defendants failed to properly provide notice to all tipped employees that defendants were taking a tip credit, caused tipped employees to engage at least 20% of their working hours in non-tipped activities and failed to pay tipped employees the proper overtime.

Plaintiffs' further allege they are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to defendants' decisions, policies, and practices in violation of state and federal law. Plaintiffs allege that defendants' actions resulted in a willful failure and refusal to pay plaintiffs the proper minimum wage and overtime premium at the rate of one and one half times the regular rate of work in excess of 40 hours per workweek. Plaintiffs' allege also allege that there are more than 40 members of the class.

## Conditional Certification

**The Legal Standard**

There is a two step test process for actions to be conditionally certified. See Cunningham 754 F. Supp.2d 638, 644 (S.D.N.Y. 2010). First, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate." For actions to be conditionally certified, the court need only conclude that there may be other, similarly situated workers. Although plaintiffs are required to make a "modest" factual showing that rises above unsupported allegations, the standard of proof remains low. At this procedural stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010). Typically this evidentiary burden may be satisfied by credible witness affidavits, including affidavits by plaintiffs. See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).

Plaintiffs need not defend against arguments that individualized inquiries may predominate or that an FLSA exemption covers plaintiffs at this stage. The court's first task is only to conclude whether there *may be* other similarly situated workers.

Once the potential class members are identified, the court will, on a fuller record, determine whether a collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs. If not, the court may de-certify the class.

**Discussion**

To satisfy this first step, plaintiffs rely upon the allegations in the complaint, Shi Yong Li's declaration, and Ying Qing Qiu's declaration that defendants' decisions, policies, and practices violated FLSA and NYLL requirements. Although the complaint's allegations, standing alone, are insufficient to meet this burden, the complaint and plaintiffs' declarations, together, are sufficient. Plaintiffs have made a "modest factual showing" that they, and the potential opt-in plaintiffs, were victims of common policies and plans that violated the law.

For example, plaintiffs state in their declarations that, at all times during their employment, they were tipped employees and that approximately 40 other employees were not properly paid. Plaintiffs state that they witnessed "other tipped employees do work that was the same or similar" to that done by themselves. Plaintiffs also state that they were not paid the statutory minimum and that they personally observed "that it is defendants' policy to pay below the statutory minimum wage rate to all tipped employees."

Plaintiffs specifically allege that they were paid an hourly rate up to $5.40 per hour at the date of their respective terminations and other tipped employees were similarly compensated. Plaintiffs state that they were not properly paid overtime at the rate of time-and-one-half for every hour they worked over forty hours in a workweek and that they observed other employees also frequently worked over 40 hours per week and were also not properly paid overtime.

Plaintiffs allegedly were never paid a "spread of hours premium," even when their workday exceeded ten hours. Plaintiffs state that defendants failed to properly notify all tipped employees that defendants were taking a tip credit and did not provide notice of the tip credit to other tipped employees. Plaintiffs state that they, and others similarly situated, were required to spend at least 20% of their time daily in "non-tipped related activities."

Plaintiffs also state that defendants failed to provide proper wage statements. The wage statements provided failed to accurately indicate the amount of time actually worked by tipped employees. Plaintiffs state that "although there was a scheduled daily break from 3pm to 6pm, all employees were required to be 'on call' and to make deliveries or serve customers in addition to side work such as cleaning and other preparation work."

Plaintiffs state that they were required to provide their own bicycles or motorbikes for delivery and were not compensated by the defendant for any maintenance incurred. Plaintiffs state that "on occasion, when defendants' restaurant was overstaffed, tipped employees would be sent home without call-in pay." Plaintiffs allege that defendants claimed a meal credit for both tipped employees and kitchen workers. However, employees were not provided the proper meal period. Finally, plaintiffs allege that defendants calculated overtime rates for tipped employees by "simply multiplying their hourly rate by 1.5 times."

Defendants contend that because plaintiffs were tipped employees, their claims in the lawsuit are particularly situated to their positions as delivery workers. Defendants also contend that the restaurant did not employee runners or bussers, and that plaintiffs' claims do not apply to waiters. Defendant Wu states that she did calculate plaintiffs' overtime rate incorrectly, but contends it was a good faith mistake. However, defendants state that  waiters were paid an overtime rate equal to the full minimum wage times 1.5, less the applicable tip credit. Defendants also contend that waiters were never requested to deliver food, never received three hour breaks and did not have dedicated breaks within the restaurant. Defendants also contend that waiters do not have claims similar to the plaintiffs concerning bicycle or motorbike maintenance.

These contentions, however, are not enough to negate the allegations that plaintiffs are similarly situated. For employees to be similarly situated, it is not necessary that they have the same job responsibilities. Rather, they must have the same "job requirements ... on which the criteria for many FLSA exemptions are based." See Myers, 624 F.3d at 555. Additionally, defendants state that the restaurant did not employ runners or bussers. Even if this were so, it would have no effect on the conditional class certification.

### Ancillary Requests

Defendants oppose plaintiffs' ancillary request to approve the form of their notice to potential class members. Defendants argue that the materials are misleading. The court agrees.

The notice states that "the firm is handling the lawsuit on a 'contingency fee' basis, which means that you do not have to pay any attorneys' fees or expenses for this lawsuit." It then states: "if you want your own attorney to represent you in this lawsuit, however, you will be responsible for paying that attorney's fees and expenses." Defendants properly request the use of the "more neutral and accurate" language approved by Judge Baer. See Agudelo v. E & D LLC, 12 CV 0960 (HB), 2012 U.S. Dist. LEXIS 160510 (S.D.N.Y. Nov. 5, 2012).

Plaintiffs' ancillary request for defendants to produce "an Excel list of all tipped employees who were employed by Defendants at any point in the six years prior to the entry of the Order" is reasonable.

### Conclusion

Plaintiffs' motion to conditionally certify a collective action is granted. Although the court grants approval of the plaintiffs' proposed notice and opt-in forms, the language must be modified to reflect more neutral and accurate descriptions. Plaintiffs' request for defendants to provide an Excel list of all tipped employees who were employed by defendants in the past six years is also granted.

Dated: New York, New York
September 27, 2011

Thomas P. Griesa
United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2013
```